# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYAN MUNOZ PANTOJA,

     Petitioner,

v.                                      No. 1:26-cv-1591-KWR-KK

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement, *et al.*,

     Respondents.

## MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT

Before the Court is the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition), filed by Bryan Munoz Pantoja. Petitioner challenges his custody by Immigration and Customs Enforcement at the Torrance County Detention Center in Estancia, New Mexico. Petitioner states he has been in immigration detention since July 10, 2025 and he is pursuing an asylum application that was submitted in 2025. (Doc. 1) at 1-2. He alleges he has not received proper due process and his detention violates the holding of *Zadvydas v. Davis,* 533 U.S. 678, 682, 701 (2001). *Id.* at 5-6. Petitioner seeks immediate release from detention or a bond hearing. *Id.* at 6-7.

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer. While Petitioner states his asylum application is pending, the Executive Office for Immigration Review's case information website indicates that a removal order was issued on December 2, 2025 and Petitioner did not appeal this order. *See* https://acis.eoir.justice.gov/en/caseInformation (noting a removal

order was entered on December 2, 2025, and no appeal was received by the Board of Immigration Appeals).   When a petitioner is subject to a final order of removal, detention is governed by *Zadvydas*, which provides that detention is presumptively reasonable for six months after a final order of removal is entered.   533 U.S. at 682, 701 (further holding that "[a]fter this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional).   It appears Petitioner's removal order became final 30 days after it was issued, or January 2, 2026.   *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.).   If that is the case, Petitioner's detention is presumptively reasonable until July 2, 2026, and he cannot obtain a release at this time.   *See Zadvydas,* 533 U.S. at 701.

For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas relief.   The Court will require Petitioner to file an amended Section 2241 petition within twenty-one (21) days of entry of this Order.   The amendment should include more details about the status of his immigration proceedings, including the date of his removal order and whether it is on appeal. The Court encourages Petitioner to attach copies of any Immigration Court orders, if possible. The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice and without further notice.   All filings must include the case number (No. 26-cv-1591-KWR-KK).

**IT IS THEREFORE ORDERED** that **within twenty-one (21) days** of entry of this Order Petitioner must file an amended Section 2241 petition as set forth above.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE