## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRYAN MUNOZ PANTOJA,

      Petitioner,

v.                                        No. 1:26-cv-1591-KWR-KK

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement, *et al.*,

      Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner Bryan Munoz Pantoja's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 6) (Amended Petition). Petitioner is proceeding *pro* se and filed his Amended Petition pursuant to the Court's Memorandum Opinion and Order Directing Amendment (Doc. 4).  Having reviewed the Amended Petition, the record, and relevant law, the Court determines that habeas relief is not available under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) or 8 U.S.C. § 1231.  The Court will therefore dismiss the Amended Petition without prejudice to refiling, as set forth below.

### BACKGROUND

Petitioner is a citizen of Colombia.  At the time of filing, he was detained at the Torrance County Detention Center (TCDC) in Estancia, New Mexico.  Petitioner states he has been in Immigration and Customs Enforcement (ICE) custody since July 10, 2025, and that he is pursuing an asylum application that was submitted in 2025.  (Doc. 1) at 1-2.  He alleges he has not received proper due process and his detention violates the holding of *Zadvydas v. Davis,* 533 U.S. 678, 682,

701 (2001).  *Id.* at 5-6.  Petitioner seeks immediate release from detention or a bond hearing.  *Id.* at 6-7.

By a ruling entered May 27, 2026, the Court noted that, while Petitioner states his asylum application is pending, the Executive Office for Immigration Review's case information website indicates that a removal order was issued on December 2, 2025 and Petitioner did not appeal this order.   (Doc. 4) at 1-2; *see* https://acis.eoir.justice.gov/en/caseInformation (noting a removal order was entered on December 2, 2025, and no appeal was received by the Board of Immigration Appeals).   The Court explained that when a petitioner is subject to a final order of removal, detention is governed by *Zadvydas*, which provides that detention is presumptively reasonable for six months after a final order of removal is entered.   533 U.S. at 682.   The Court further explained that it appears Petitioner's removal order became final 30 days after it was issued, or on January 2, 2026, and Petitioner's detention is therefore presumptively reasonable until July 2, 2026.  *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.).

For the foregoing reasons, the Court directed Petitioner to file an amended Section 2241 petition within twenty-one (21) days.   In response, Petitioner filed his Amended Petition in which he acknowledges that an Immigration Judge entered an order of removal on December 2, 2025, and that he did not file an appeal of that order.   (Doc. 6) at 1.   Petitioner asks the Court to consider the total length of his immigration detention – since July 10, 2025 – without a bond hearing or other meaningful custody review, and to grant him release or a bond hearing.  *Id.* at 2-3.

**DISCUSSION**

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see also Zadvydas,* 533 U.S. 678.   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.   *See* Habeas Corpus Rules 1, 4.   "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the Judge must order … an answer."   *Id.*

Where, as here, Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231.   The Government is expected to secure a noncitizen's removal within 90 days after a removal order becomes final.   *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1).   "During the 90-day removal period, … [the noncitizen] must be held in custody."   *Zadvydas,* 533 U.S. at 683 (citing § 1231).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable.   *Zadvydas,* 533 U.S. at 701.   "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.   *Id.* at 701.

Petitioner's removal order became final on January 2, 2026 – less than six months ago. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time

3

allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.). Consequently, Petitioner's detention is presumptively reasonable under *Zadvydas*.  *See Zadvydas,* 533 U.S. at 701.  Moreover, noncitizens detained pursuant to § 1231 are not entitled to a bond hearing.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing.").  Petitioner therefore cannot prevail on his claim for prolonged detention or obtain release or a bond hearing at this time.[1]

Because the Court cannot grant the requested relief at this time, the Amended Petition will be dismissed without prejudice and as premature.  Petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas* or if the basis for the claims change.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** to refiling; and the Court will enter a separate judgment closing the civil case.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes the record indicates Petitioner may have been paroled and has failed to update his address as required by D.N.M. Local Civil Rule 83.6.  *Compare* (Doc. 5) (returned mail from the TCDC stating Petitioner is "Out to court/Paroled") and (Doc. 6) at 4 (mailing envelope containing Petitioner's signed Amended Petition with a return address in California and stating it was mailed by "Luz Amador"); *with* https://locator.ice.gov/odls/#/results (ICE locator website stating Petitioner is in ICE custody at TCDC, site last visited June 18, 2026).  If Petitioner has been released from custody, this case is moot.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding § 2241 claims are generally moot after petitioner's release or removal).